## Melody v. Bornot, Inc.

Conlen, La Brum & Beechwood, for claimant.
White, Schnader, Maris & Clapp, for defendant.

ALESSANDRONI, J., January 4, 1932.—Katherine Melody, the claimant, was injured on February 7, 1928, while in the course of her employment with Bornot, Inc. She entered into a compensation agreement, and compensation was paid until October 1, 1928, when, after hearing, the agreement was terminated with leave to claimant to later ask for modification, etc.

On June 25, 1929, claimant filed a petition to modify the agreement. After hearing, compensation was disallowed by the referee. Claimant then appealed to the Workmen's Compensation Board, and the board affirmed the findings of

the referee. Claimant then appealed to Court of Common Pleas No. 1 of Philadelphia County as of June Term, 1930, No. 15549.

Claimant also filed a petition with the board for a hearing de novo, which was refused on October 3, 1930. Claimant then took another appeal to Court of Common Pleas No. 1 as of September Term, 1930, No. 7011. These two appeals were considered together, and on March 6, 1930, Court of Common Pleas No. 1 affirmed the action of the Workmen's Compensation Board and filed a per curiam opinion.

On August 4, 1931, claimant filed with the Workmen's Compensation Board three petitions: (1) A petition to reinstate and reconsider the petition for hearing de novo; (2) a petition to reinstate compensation agreement on the ground of recurrent disability; and (3) a petition to modify the compensation agreement.

On September 28, 1931, the Workmen's Compensation Board filed the following order:

"Now, September 28, 1931, the petition of the claimant to reinstate and reconsider petition for de novo is refused.

"BY THE BOARD."

The attorneys for claimant made inquiry as to the disposition of the other two petitions, and on October 26, 1931, received a letter from the Secretary of the Workmen's Compensation Board, stating that the order of dismissal of September 28, 1931, was intended to cover all three proceedings.

Claimant then filed a petition with this court, asking for a rule to show cause why an appeal should not be allowed nunc pro tunc from the dismissal of the petitions to reinstate and to modify, alleging that counsel did not know that these petitions had been dismissed until more than ten days after the date of the dismissal, and that this lack of knowledge was due to the faulty wording of the order of the Workmen's Compensation Board of September 28, 1931.

We agree with counsel for claimant that the order of the Workmen's Compensation Board of September 28, 1931, did not properly give notice of the dismissal of these two petitions, and we would be inclined to lend any assistance possible to claimant to remedy this situation if we thought such assistance was merited and was necessary in the interest of justice.

Apparently this compensation matter has been very thoroughly considered. The original agreement was terminated by the referee after a full hearing and after evidence had been taken. It was again before the referee on a petition to modify the agreement, and the action of the referee was reviewed by the board on appeal. The board again considered the matter on the presentation of claimant's petition for a hearing de novo. The decision of the board was then reviewed by the Court of Common Pleas No. 1 and a full opinion filed affirming the action of the board.

If this court has a right to grant an appeal nunc pro tunc, which we are now deciding, it is certainly purely discretionary with the court, and such appeal will be granted only when it is reasonably evident that a wrong will otherwise be suffered. It would be futile to permit an appeal if it is obvious in advance that such appeal must fail. In this case, while the technical petitions before the board may differ somewhat, there is no averment that there are any facts or questions of law now in controversy which were not considered by the Workmen's Compensation Board and by the Court of Common Pleas No. 1 in previous proceedings. In addition to this, claimant's right to appeal from the dismissal of the petition to reconsider the petition for a hearing de novo is clearly barred because the dismissal of this petition was plainly set forth in the order of the Workmen's Compensation Board of September 28, 1931, and no appeal

was taken. Claimant's rights under its petitions to reinstate the compensation agreement and to modify the compensation agreement are dependent upon section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by section six of the Act of April 13, 1927, P. L. 186, in which it is stated:

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of any injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. . . . Provided, That, . . . no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement."

The last payment of compensation in this case was in October, 1928, so that the petitions from the dismissal of which claimant wishes to appeal are clearly barred by the statute.

And now, to wit, January 4, 1932, the rule of claimant upon defendants to show cause why claimant should not be allowed to file an appeal nunc pro tunc is discharged.